**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez**

Civil Action No. 15-cv-1907-WJM-CBS

TYELER COOPER, on behalf of himself and all similarly situated persons,

    Plaintiff,

v.

NOBLE CASING, INC., a North Dakota corporation,

    Defendant.

---

**ORDER DENYING MOTION FOR CLASS CERTIFICATION**

---

In this action, Plaintiff Tyeler Cooper ("Cooper") claims that his former employer, Defendant Noble Casing, Inc. ("Noble") failed to pay him overtime wages in breach of his employment agreement and in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.*, and similar Colorado statutes. (ECF No. 1.) The Court previously granted Cooper's unopposed motion for conditional certification of this action as an opt-in collective action under 29 U.S.C. § 216(b). (ECF No. 39.) Currently before the Court is Cooper's Motion for Class Certification under Federal Rule of Civil Procedure 23. (ECF No. 37.) As described in more detail below, this motion is denied because individualized issues about every potential class member's duties on a week-to-week basis will overwhelm common questions.

**I. BACKGROUND**

Noble is an oilfield services company headquartered in Colorado. (ECF No. 43 at 2.) As its full name suggests, Noble provides "casing" services, "which consist[] of

running pipe or 'casing' into pre-drilled holes to extract oil." (*Id.*) Cooper claims he worked for Noble "from approximately November 2011 to October 2014." (ECF No. 1 ¶ 16.) While employed at Noble, Cooper was paid by the hour in some circumstances and by the foot of installed casing in other circumstances. (*Id.* ¶ 7.) He claims that this system required him and his co-workers to work more than forty hours in a week, but they were not paid time-and-a-half for those hours in excess of forty. (*Id.*) Cooper now seeks to certify a class of casing services employees.

## II. ANALYSIS

### A. Legal Standard

As the party seeking class certification, Cooper must first demonstrate that all four prerequisites of Federal Rule of Civil Procedure 23(a) are clearly met. *Shook v. El Paso Cnty.*, 386 F.3d 963, 971 (10th Cir. 2004); *see also Tabor v. Hilti, Inc.*, 703 F.3d 1206 (10th Cir. 2013). These threshold elements consist of the following: (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative party are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class. Fed. R. Civ. P. 23(a).

If Cooper proves he has met these threshold requirements, he must then demonstrate that the action falls within one of the three categories set forth in Rule 23(b). *Shook*, 386 F.3d at 971. Here, Cooper seeks certification pursuant to Rule 23(b)(3).

As the party seeking to certify a class, Cooper bears the strict burden of proving the requirements of Rule 23. *Trevizo v. Adams*, 455 F.3d 1155, 1162 (10th Cir. 2006).

In determining the propriety of a class action, the question is not whether a plaintiff has stated a cause of action or will prevail on the merits, but rather whether the requirements of Rule 23 are met. *Anderson v. City of Albuquerque*, 690 F.2d 796, 799 (10th Cir. 1982). When deciding whether the proposed class meets the requirements of Rule 23, the Court accepts the plaintiff's substantive allegations as true, though it need not blindly rely on conclusory allegations and may consider the legal and factual issues which the complaint presents. *Shook*, 386 F.3d at 968; *see also Vallario v. Vandehey*, 554 F.3d 1259, 1265 (10th Cir. 2009). The Court should not pass judgment on the merits of the case, but must conduct a "rigorous analysis" to ensure that the requirements of Rule 23 are met. *D.G. ex rel. Stricklin v. Devaughn*, 594 F.3d 1188, 1194 (10th Cir. 2010).

The decision whether to grant or deny class certification "involves intensely practical considerations and therefore belongs within the discretion of the trial court." *Tabor*, 703 F.3d. at 1227.

**B.    Proposed Class**

Cooper proposes the following class definition: "All current and former casing services employees who worked for Noble in Colorado at any time from September 2, 2012 to present." (ECF No. 37 at 2.) Noble states no objection specifically to this proposed definition.

**C.    Rule 23(a)**

The Court's first task is to ensure that the Federal Rule of Civil Procedure 23(a) requirements are satisfied as to the proposed Class: (1) the class is so numerous that

joinder of all members is impracticable ("numerosity"); (2) there are questions of law or fact common to the class ("commonality"); (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class ("typicality"); and (4) the representative parties will fairly and adequately protect the interests of the class ("adequacy").  The Court will address each of these considerations in turn.

    1.    <u>Numerosity</u>

Based on deposition testimony from Noble's Rule 30(b)(6) representative, Cooper asserts that the proposed class definition would encompass 50–100 individuals.  (ECF No. 37 at 4.)  Noble does not challenge this figure, but instead argues that numerosity is not satisfied because "any significance of this number is greatly diminished by the fact that [Cooper] has not identified a single other individual with claims similar to his, nor have any other Casing Technicians joined the suit during the nine months it has been pending."  (ECF No. 43 at 8 (emphasis removed).)

Noble points to no precedential authority requiring a class representative to name other potential class members with similar claims.  Noble likewise points to no precedential authority requiring evidence that other potential class members wish to join.  Indeed, the purpose of a Rule 23(b)(3) class action is to create an *opt-out* class.  *See* Fed. R. Civ. P. 23(c)(2)(B)(v), (c)(3)(B), (e)(4).  In other words, Rule 23(b)(3) presumes that class members want to be a part of the class, and only an affirmative expression to the contrary by a particular class member will overcome that presumption.  Thus, the number of individuals who have expressed an interest in joining the putative class is irrelevant.  Accordingly, the Court finds that an allegation of 50–100 class members satisfies the numerosity requirement under these circumstances.

2.   Commonality

The distinction between the commonality requirement in Rule 23(a)(2) and the requirement in Rule 23(b)(3) that common issues predominate over individual ones has become somewhat hazy since the Supreme Court announced that the search for common questions under Rule 23(a)(2) really means the search for questions that can generate classwide answers. *See Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350 (2011) ("That common contention, moreover, must be of such a nature that it is capable of classwide resolution—which means that determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke."). For example, it may be a common question whether a class of employees worked overtime, but if that question cannot be answered on a classwide basis, the Supreme Court seems to be saying that the individualized nature of the inquiry destroys the commonality of the question—which begins to sound very similar to a conclusion under Rule 23(b)(3) that individual issues predominate over common questions.

In any event, resolving this tension is probably unnecessary because "Rule 23(a)(2)'s 'commonality' requirement is subsumed under, or superseded by, the more stringent Rule 23(b)(3) requirement that questions common to the class 'predominate over' other questions." *Amchem Prod., Inc. v. Windsor*, 521 U.S. 591, 609 (1997). Thus, "courts will often treat the application of Rules 23(a)(2) and 23(b)(3) together." William B. Rubenstein, *Newberg on Class Actions* § 3:27 (5th ed., Sept. 2016 update). This Court will do likewise, noting here only that there are certainly common questions (*e.g.*, whether Noble's employees are entitled to overtime), and reserving for Part II.D, below, the question of whether common questions can lead to common answers.

### 3. Typicality & Adequacy

The typicality and adequacy requirements of Rule 23(a) "tend to merge." *Gen. Tel. Co. of Sw. v. Falcon*, 457 U.S. 147, 162 n.13 (1982). The Court will therefore analyze them together. However, Noble brings no specific typicality challenge. The Court therefore finds typicality conceded.

As to adequacy, Noble first argues Cooper worked at Noble for less than eight months, and stated that he was "happy" with his pay when he resigned. (ECF No. 43 at 12.) The assertion about Cooper's length of employment contradicts the complaint, which claims that Cooper worked for Noble for almost three years. (*See* ECF No. 1 ¶ 16.) Regardless, Noble cites no authority for the proposition that either of these assertions renders Cooper inadequate to represent the class. Cooper's length of time in the job and his state of mind when he resigned have no obvious connection to whether he can represent a class seeking additional pay to which the class might be entitled under the FLSA.

Noble next argues that Cooper "inexplicably failed to show up for his noticed deposition on three separate occasions and only appeared after this Court ordered him to attend his deposition." (*Id.*) Noble cites nothing in the record establishing that Cooper failed to attend his deposition on three occasions. The docket shows only one such failure. (*See* ECF Nos. 31, 32.) In any event, this issue does not "threaten to become the focus of the litigation." *Gary Plastic Packaging Corp. v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 903 F.2d 176, 180 (2d Cir. 1990). Thus, it does not undermine Cooper's adequacy.

Finally, Noble argues that Cooper "has failed to produce a *single* document in this case in response to Defendant's discovery requests." (ECF No. 43 at 12 (emphasis added).) Noble makes this assertion without any context (*e.g.*, is Cooper refusing to produce documents? does he claim he does not possess any?). Thus, it does not provide the Court a basis to find Cooper inadequate.

The Court therefore finds that Cooper would be an adequate class representative.

**D.   Rule 23(b)**

Cooper must now establish that his proposed class action matches one of the scenarios described in Rule 23(b). Cooper argues for certification only under Rule 23(b)(3). (ECF No. 37 at 7.)

Rule 23(b)(3) permits class certification where "questions of law or fact common to class members predominate over any questions affecting only individual members," and "a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Here, there is a serious question whether the "motor carrier exemption" to the FLSA (and its "small vehicle exception") will cause individual issues to predominate over common questions.

Under the motor carrier exemption, "any employee with respect to whom the Secretary of Transportation has power to establish qualifications and maximum hours of service pursuant to the provisions of section 31502 of Title 49" is exempt from the FLSA's overtime protections. 29 U.S.C. § 213(1). Broadly speaking, this means that the Secretary of Transportation regulates qualifications and hours of most employees whose jobs frequently require driving or otherwise working with commercial motor

vehicles. Thus, such employees do not benefit from the FLSA's overtime pay provisions.

There is, however, a "small vehicle exception" to the motor carrier exemption. Specifically, employees who would otherwise fall under the motor carrier exemption nonetheless benefit from the FLSA if their duties occur on vehicles weighing 10,000 pounds or less.[1]

The motor carrier exemption and small vehicle exception are in play here because of the vehicles that Noble employees regularly drive or otherwise work with in their casing operations. Specifically, Noble uses flatbed semi-trucks weighing at least 26,000 pounds to transport crews and equipment to job sites. (ECF No. 43 at 3.) Cooper does not dispute that an employee who drives or rides in one of these semi-trucks during a workweek could fall under the motor carrier exemption. However, Noble also employs a separate category of workers (not at issue in this lawsuit) called "Special Services" employees, who work independently of the casing crews to ensure quality control. (*Id.* at 3–4.) Special Services employees each drive a pickup truck weighing less than 10,000 pounds. (*Id.* at 4.) Cooper asserts that he and potential class members assisted in loading and/or driving the Special Services pickup trucks, thus placing him and potential class members within the small vehicle exception.

Noble argues that discovery will first be needed as to every class member to establish whether he or she falls within the motor carrier exemption. (ECF No. 43 at

---

[1] The small vehicle exception is the product of both codified and uncodified Congressional enactments, as ably explained in *Hernandez v. Alpine Logistics, LLC*, 2011 WL 3800031, at *3–4 (W.D.N.Y. Aug. 29, 2011).

10–11.) Cooper responds that he "does not dispute application of the motor carrier exemption on a class-wide basis except to the extent it is invalidated by the small vehicle exception." (ECF No. 45 at 3.) Thus, Cooper says, Noble's need for individualized discovery is moot.

According to Noble, however, individualized discovery will still be needed because the small vehicle exception must be established on an employee-by-employee, week-by-week basis. (ECF No. 43 at 11.) Guidance from the United States Department of Labor ("Labor Department") at least partially supports this contention. In its Field Assistance Bulletin No. 2010-2,[2] the Labor Department counsels that the small vehicle exception must be judged on a workweek-by-workweek basis, particularly where an employee works both on vehicles weighing 10,000 pounds or less and on vehicles weighing more than 10,000 pounds. According to the Labor Department, the small vehicle exception applies in any week where the employee worked on a vehicle weighing 10,000 pounds or less, but does not apply in any week where the employee's duties solely involve vehicles weighing more than 10,000 pounds.[3]

Cooper's reply effectively admits Noble's argument: "Plaintiff acknowledges the need for at least some factual development with regard to application of the small vehicle exception. In particular, the exception turns on whether, in any given workweek,

---

[2] Available at https://www.dol.gov/whd/fieldbulletins/fab2010_2.htm.

[3] The Court understands that Noble does not necessarily agree with the Labor Department's guidance regarding how to treat "mixed" weeks. (*See* ECF No. 43 at 11 n.13.) The Court has no occasion at this point to review the Labor Department's interpretation. The Court raises it solely to note that the Labor Department itself judges the applicability of the small vehicle exception on a week-by-week basis, rather than under some broad *a priori* definition of work responsibilities.

members of the five Noble casing crews assisted Noble's four 'Special Services' employees in loading or driving their small trucks." (ECF No. 45 at 4.) Apparently in an attempt to show that this will not require individualized discovery, Cooper further asserts that "Special Services employees accompanied casing crews on almost every job," and, "when they did so, all members of the crew helped load and/or drive the small truck." (*Id.* at 4–5.) However, Cooper cites no authority for the notion that general testimony such as this would preclude Noble's right to seek discovery specific to each employee's work duties. In this light, the Court finds that individual issues—most notably each employee's duties on a week-by-week basis, as actually performed—will overwhelm whatever common questions otherwise exist. The Court therefore finds that Rule 23(b)(3)'s requirement that questions common to the class predominate over other questions has not here been satisfied. Because Cooper asserts no other basis for a class action under Rule 23(b), his motion must fail.

### III.  CONCLUSION

For the reasons set forth above, Cooper's Motion for Class Certification (ECF No. 37) is DENIED.

Dated this 3rd day of November, 2016.

BY THE COURT:

_____
William J. Martinez
United States District Judge
